Kraus & Weyl, of Philadelphia, Pa., for petitioner.

Glenn C. Mead, of Philadelphia, Pa., for trustee.

### In re ARCADIA RESTAURANT CO.

No. 15943.

District Court, E. D. Pennsylvania.

May 13, 1937.

MARIS, District Judge.

The bankrupt's landlord who filed a proof of claim for rent, to which the trustee filed objections, has petitioned for review of the referee's order discharging its rule to strike off the objections.

It appears that the bankrupt was adjudicated on July 23, 1932. At an adjourned first meeting of creditors held September 15, 1932, counsel for the trustee stated of record that he would oppose any claim for rent. The landlord's proof of claim was filed January 4, 1933. No written objections to the claim were filed until September 18, 1936. It appeared that no funds or property came into the hands of the trustee at the inception of the bankruptcy, however, and that protracted litigation was necessary, which was not concluded until July, 1936.

The landlord sought to have the objections stricken off on the ground of laches on the part of the trustee in filing them. Its contention is that its claim was allowed when filed in 1933 and that the trustee should not be permitted to secure what is in fact a reconsideration of the allowance after so long a period, especially since, as it alleges, it has been prejudiced by the delay. There might be merit in this contention if the fact is, as alleged, that the claim was allowed by the referee in January, 1933, more than three years and a half before the objections were filed. We are, therefore, confronted with the question whether the claim had been allowed prior to the filing of the objections. The referee in his opinion said as to this:

"The Referee directs attention to the fact that in the present case, however, no allowance of the claim had been made by the Referee, either directly or by the declaration of a dividend on it. The practice in his office is, as he believes it to be generally in this District, as follows. Claims are physically presented and marked 'filed'.

.Before the audit of an account the trustee is required to examine the claims filed for the purpose of ascertaining whether or not an objection is properly entered to any of them. Any such objection may be filed before the audit, at the audit, or after the audit upon an allowance by the Referee to that end. A claim is considered 'allowed' by the Referee when it appears in the order of distribution to creditors as entitled to its percentage of the fund on hand. In the instant case the trustee filed his objection to the claim before the audit, and a hearing on the claim was fixed as of the same date as the audit."

 This statement makes it apparent that the claim had not been allowed unless the mere filing of the proof of claim in the referee's office operated as an allowance. In our opinion it did not. The act of allowing a claim is a judicial act which must be consciously performed by the referee either directly by an order for allowance or indirectly by the inclusion of a claim in an order for distribution. In re Two Rivers Woodenware Co. (C.C.A.) 199 F. 877; In re Branner (C.C.A.) 9 F.(2d) 883. In the former case Judge Baker said (pages 880, 881 of 199 F.) :

"Three steps are necessary to complete the allowance of a claim. Section 57a [11 U.S.C.A. § 93(a)] shows how a claim shall be 'proved.' This is the claimant's act. Section 57c [11 U.S.C.A. § 93(c)] provides that proved claims 'may, for the purpose of allowance, be filed.' Filing is the ministerial act of the clerk or referee. That filing is not allowance is established by the language that the claim is filed 'for the purpose of allowance.' It may be that the command of section 57d [11 U.S.C.A. § 93 (d)], 'shall be allowed upon receipt by or upon presentation to the court,' would entitle a claimant to an order of allowance instanter unless objections were at once interposed, or unless the court upon its own motion should postpone consideration. But 'allowance,' different from the party"ı act of 'proving' and the ministerial act of 'filing,' is a judicial act. This is found, not only by comparing with each other the several provisions of section 57, but also by recurring to section 2(2) [11 U.S.C.A. § 11 (2)], relating to the powers and duties of bankruptcy courts, wherein the acts of allowing, disallowing, and reconsidering claims are all given the same quality. In practice it may be common to forego formal orders of allowance, and to treat as allowed, for purposes of distributing dividends, all claims to which objections have not been filed. But the inclusion of proved and filed claims in an order of distribution may be considered as an indirect order of allowance. Until a direct or indirect order of allowance is made, objections may properly be filed. And, until a direct or indirect order of allowance is made, it is not necessary to proceed under section 57k and 57l, [11 U.S.C.A. §§ 93(k, l)], for a reconsideration of a claim and a recovery of dividends already paid.",

In the present case, there was neither a direct nor an indirect order of allowance of the landlord's claim at any time. But it is clear that objections may properly be filed at any time prior to the allowance of the claim. In re Two Rivers Woodenware Co., supra. It necessarily follows that the objections to the landlord's claim in this case were filed in time and the referee did not err in refusing to strike them off. We see no hardship involved in the rule here applied since a creditor, if delay is likely to prejudice his rights, may move the referee at any time for the consideration and allowance of his claim. No such motion was made by the landlord in this case, however, and it, therefore, has no just cause of complaint.

The order of the referee is confirmed and the petition for review is dismissed.