**In re Ray W. RAUCH, Debtor.**

**TERMPLAN OF MISSOURI, INC., Plaintiff,**

v.

**Ray W. RAUCH, Defendant.**

**Bankruptcy No. 81–01832–1.**

**Adv. No. 81–1625–1.**

United States Bankruptcy Court, W. D. Missouri, W. D.

March 8, 1982.

Joe F. Willerth, Independence, Mo., for debtor/defendant.

Jack R. Grate, Jr., Independence, Mo., for plaintiff.

**ORDER DENYING APPLICATION FOR ADDITIONAL COMPENSATION**

FRANK P. BARKER, Jr., Chief Judge.

Plaintiff was unsuccessful in having its claim against the debtor determined to be non-dischargeable. Pursuant to 11 U.S.C. § 523(d) defendant filed an application for $250.00 for attorney fees necessary to the defense of the lawsuit.

While § 523(d) is authority for allowing attorney fees it contains the proviso "unless such granting of judgment would be clearly inequitable".

As I read the legislative history behind this section of the new Bankruptcy Code, the Court must first find that this complaint was frivolous or not brought in good faith. "The purpose of the provision is to discourage creditors from initiating proceedings to obtain a false financial statement exception to discharge in the hope of obtaining a settlement from an honest debtor anxious to save attorney fees." (Senate Report No. 95–989, 95th Cong., 2d Sess. 80 (1978)), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5866.

In my Memorandum Opinion and Order filed February 11, 1982, 18 B.R. 97, I stated: "I have no problem in finding that plaintiff established a *prima facie* case of non-dischargeability including reliance on the false statement." The only reason that the debt was discharged was that after all the evidence was weighed, I was not absolutely convinced that the debtor intended to deceive the plaintiff.

Under these facts, I find that the complaint was not frivolous, that it was filed in good faith and not brought for the purpose of intimidating the debtor.

The application is DENIED.