**In re Donald R. KLEIN and Alice M. Klein, Debtors.**

**The BRYN MAWR TRUST COMPANY, Plaintiff,**

v.

**Donald R. KLEIN and Alice M. Klein, Defendants.**

**Bankruptcy No. 80–01727G. Adv. No. 81–0443G.**

United States Bankruptcy Court, E. D. Pennsylvania.

May 14, 1982.

**120**

William M. Shields, Monteverde, Hemphill, Maschmeyer & Obert, Philadelphia, Pa., for plaintiff, The Bryn Mawr Trust Co.

Brad Wertheimer, Solomon, Berschler & Kahn, Norristown, Pa., for debtors/defendants, Donald R. Klein and Alice M. Klein.

Leonard P. Goldberger, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge:

The issue presented herein is whether the debt owed by the debtors to the bank is nondischargeable pursuant to § 523(a)(2)(B) of the Bankruptcy Code ("the Code") as a debt for obtaining money by the use of a materially false statement in writing about the debtors' financial condition on which the bank reasonably relied and which the debtors made with the intent to deceive. We conclude that the debt in question is dischargeable because the bank failed to sustain its burden of establishing that the debtors had the requisite intent to deceive when the credit applications were prepared and that the bank reasonably relied upon those applications when it made the loans to the debtors.

The facts of the instant case are as follows:[1] On July 21, 1980, Donald R. and Alice M. Klein ("the debtors") filed a petition for relief under chapter 7 of the Code. Prior to that time, the debtors had had a long history of dealing with The Bryn Mawr Trust Company ("the bank"). In fact, from 1962 through 1980, the debtors obtained 38 loans from the bank. The last two loans were obtained by the debtors in December, 1979, and March, 1980. In applying for those loans the debtors failed to inform the bank of debts owed by them to other banks ($9,556.38), to relatives ($7,958.88) and to department stores (approximately $4,000.00). The bank, consequently, filed a complaint to determine that the debt for those loans (amounting to $9,931.49) is nondischargeable pursuant to § 523(a)(2)(B) of the Code.

Section 523(a)(2)(B) provides that:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

.        .        .        .        .

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

.        .        .        .        .

(B) use of a statement in writing—
(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive. . . .

The burden of proving the four elements required by § 523(a)(2)(B) is on the party seeking to have a debt declared nondischargeable thereunder.[2] In this case, the evidence presented at trial did establish that the debtors obtained the two loans in question from the bank by the use of a materially false written statement about the debtors' financial condition—the credit applications for the loans were materially false in that they failed to contain all of the debts of the debtors.[3]

However, we conclude that the evidence presented was not enough to establish the last two elements required by § 523(a)(2)(B): reasonable reliance by the creditor and an intent to deceive by the debtors. With respect to the debtor-wife, Mrs. Klein testified (and the bank admitted) that she never participated actively in the loan application process other than to sign the various documents. She further stated that she was rarely present when the credit applications were being filled out. Based on that evidence, we conclude that there is absent the necessary proof of an intent to deceive on the part of Mrs. Klein. *See, e.g., In re Curry,* 12 B.R. 421 (Bkrtcy. M.D.Fla.1981).

With respect to the husband-debtor, the bank employee who had prepared the credit applications for the debtors testified that he had asked Mr. Klein for all of the debts over $100 which the debtors owed at that time and that, had Mr. Klein revealed all of those debts, the bank employee would not have approved the loans. In rebuttal, Mr. Klein testified that, in earlier dealings with the bank, he had told the bank employee[4] about the debts owed to his relatives and that the bank employee had stated that those debts were not important because they were unsecured and had, therefore, not listed them in the prior credit application. Mr. Klein also testified that, with the two latest credit applications he had not told the bank employee about those debts on which no monthly payments were due because he believed that the bank did not want or need to know about them in order to evaluate the debtors' ability to make the monthly payments to the bank. Furthermore, Mr. Klein testified that, although he did not tell the bank employee about all of his other debts, he did not do so because in the past when he had revealed all such debts the bank employee had not always listed all of those debts. In support of this testimony, Mr. Klein pointed to the history of the debtors' relationship with the bank as illustrated by the 38 credit applications. Of those 38 applications, only one was even physically filled out by Mr. Klein, the others were filled out by a bank employee after questioning Mr. Klein. The one application which was filled out by Mr. Klein, in 1973, contains many debts in addition to debts owed to the bank itself. In contrast, the applications filled out by a bank employee generally contain only one or two debts other than debts owed to the bank and often there are no other debts listed.

From all of the above, we conclude that there is insufficient evidence to show that Mr. Klein intended to deceive the bank by failing to reveal all of the debts owed by him and his wife. From the history of the parties' dealings, we conclude that Mr. Klein did reasonably believe that the bank did not want him to reveal all of those other

---

2. *See, e.g., In re Magnusson,* 14 B.R. 662 (Bkrtcy.N.D.N.Y.1981); *In re Duiser,* 8 B.R. 397 (Bkrtcy.W.D.Va.1981). *See, generally,* 3 Collier on Bankruptcy ¶ 523.09 at 523–49 (15th ed. 1981).

3. *See, e.g., In re Graham,* 11 B.R. 701 (Bkrtcy. D.Conn.1981); *In re Norton,* 11 B.R. 141 (Bkrtcy.D.Vt.1980).

4. The bank employee whom the debtors dealt with almost exclusively was Mr. Edward A. Kane, who testified for the bank at the hearing herein.

debts. We further conclude that, even if Mr. Klein had revealed all of those other debts, it is not entirely certain that the bank employee would have listed all of those debts.[5] On the basis of the above, we conclude that the bank has failed to establish that Mr. Klein intended to deceive the bank by failing to list all his debts. *See, e.g., In re Magnusson*, 14 B.R. 662 (Bkrtcy. N.D.N.Y.1981); *In re Drewett*, 13 B.R. 877 (Bkrtcy.E.D.Pa.1981).

■ In addition, we find that the evidence presented does not support a conclusion that the bank reasonably relied on the debtors' credit applications in granting the loans in question. In the instant case, the bank and the debtors had had a history of satisfactory financial dealings for over eighteen years. We conclude that the bank relied on that history in deciding to grant further loans to the debtors. However, even if the bank did rely in part on the credit applications in question, we conclude that that reliance was not reasonable. Where the bank had available in its own files information (i.e., the additional debts listed on the prior credit applications) which would lead a reasonable lender to investigate further into the debtors' financial condition, we conclude that it was unreasonable for the bank not to have done so. *See, e.g., In re Magnusson, supra; In re Keppel*, 14 B.R. 479 (E.D.Pa.1981); *In re Ciampi*, 14 B.R. 441 (D.Conn.1981); *In re Tomei*, 12 B.R. 592 (Bkrtcy.W.D.N.Y.1981).

For all of the above reasons, we conclude that the debts owed to the bank by the debtors (totaling $9,931.49) do not fall within the parameters of § 523(a)(2)(B) of the Code and are, thus, dischargeable.

---

5. Although the bank employee stated that he would have listed all debts revealed to him, Mr. Klein testified that several times in the past he had revealed debts which the bank employee failed to list. Mr. Klein's testimony in this regard was corroborated by the fact that the credit application filled out by him contained many more debts than were ever listed in the applications filled out by the bank employee.