**In re Victor and Joann PETRONELLO, Debtors.**

**Bankruptcy No. 83–20825.**

United States Bankruptcy Court,
W.D. New York.

Oct. 17, 1983.

Nicholas C. Gagliano, Rochester, N.Y., for Lucy Petronello.

Edwin M. Larkin, Rochester, N.Y., for JoAnn and Victor Petronello.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

An application has been made by the attorney for Lucy Petronello to lift the stay of 11 U.S.C. § 362(a) to permit a State Court lawsuit to proceed. An argument was made at a motion term of this Court and decision was reserved.

Upon the papers and arguments submitted, it appears that the State Court action had it genesis in the fact that JoAnn Petronello for many years handled the business, financial and personal affairs of her mother-in-law, Lucy Petronello. She had also handled the business affairs of her father-in-law, Paul Petronello. In 1980, the present lawsuit was commenced in the Supreme Court, Monroe County. At issue, appears to be the right of the debtor,

JoAnn Petronello, to pledge stocks of the plaintiff, Lucy Petronello, for loans that JoAnn and Victor Petronello got from Security Trust Company and Pavilion State Bank. In the State Court action, the banks are seeking a determination of their right to the stocks pledged. Pavilion State Bank has already obtained a judgment against the debtors in the amount of $70,000. The plaintiff, Lucy Petronello, is seeking a money judgment against JoAnn Petronello only, and Security Trust Company has also been seeking a money judgment against the debtors.

Under this set of facts, it would not be proper for this Court to lift the stay because 11 U.S.C. § 362(d) allows the lifting of the stay for cause only in a case like this. The fact that the plaintiff is elderly is not sufficient cause to lift the stay.

Furthermore, the debtors' petition was filed on July 20, 1983. The first meeting was held September 7, 1983 and the last day to file complaints objecting to discharge of the debtors is November 7, 1983. No objection to discharge has been filed but the State Court action between the various parties and the plaintiff seeks in essence judgments against the debtors which are in the nature of objections to discharge. This Court under 11 U.S.C. § 523(c) has exclusive jurisdiction over the determination of whether or not a debtor may be discharged where that debt involved fraud under 11 U.S.C. § 523(a)(2); fraud under 11 U.S.C. § 523(a)(4); or willful and malicious injury by the debtor to another entity or the property of another entity under 11 U.S.C. § 523(a)(6).

Therefore, this Court may not lift the stay, and the motion to lift the stay is denied.