**In re Manabu OZAI and Helen Marie Ozai, Debtors.**

**Manabu OZAI and Helen Marie Ozai, Defendants and Appellants,**

v.

**Rose Mary TABUENA, Alicia De Alba, Fireman's Fund Insurance Company, and Safeco Title Insurance Company, Plaintiffs and Appellees.**

BAP No. CC–82–1052–AbGH.

Bankruptcy No. LA 81–08006–JM.

Adv. Nos. LA–81–4089–JB, LA–81–4179–JB.

United States Bankruptcy Appellate Panels, of the Ninth Circuit.

Argued Feb. 17, 1983.

Decided Nov. 1, 1983.

Kevin Mahan, Mahan & Mahan, LaJolla, Cal., for defendants and appellants.

Robert L. Coontz, Jr., Regal & Levy, Los Angeles, Cal., and Robert D. Rudnick, The Law Center, Palm Springs, Cal., for plaintiffs and appellees.

Before ABRAHAMS, GEORGE and HUGHES, Bankruptcy Judges.

ABRAHAMS, Bankruptcy Judge.

These are two appeals by the debtors, the Ozais, from an order of the bankruptcy court remanding two causes of action to the state court.

The facts are summarized as follows: Appellee Tabuena is the former wife of debtor Manabu Ozai. Tabuena sued the debtors in state court over an allegedly forged deed from Tabuena to debtor Manabu. Eventually the litigation came to include the notary public who took the acknowledgment on the deed, the notary's employer and bonding company, a title insurance company, a subsequent purchaser of the property, and the bonding company that posted a bond to enable that purchaser to sell the property after Tabuena recorded a notice of pendency of action. There are many cross-actions, including cross-complaints against the debtors for indemnification. After approximately two years of state court litigation, the debtors filed their bankruptcy petition and the state court actions were stayed under 11 U.S.C. § 362(a). Appellees (Tabuena and the cross-complainants) filed timely complaints to except any debts due them from discharge under 11 U.S.C. § 523(a). The appellees also attempted to remove the state court actions to the bankruptcy court. The debtors apparently responded to the removal proceeding with motions for abstention and for remand of the state court actions. The bankruptcy court granted the debtors' request for remand of the cases to state court on the ground that the removal

applications were filed after the 30 day period for removals under the Interim Rules. Interim Rules of Bankruptcy Procedure, Rule 7004(a)(3). There is no appeal from this ruling. The bankruptcy court also dismissed, without prejudice, the dischargeability complaints so that the actions could be tried in the state court. The court stated that, if the debtors lost in the state court, the cases could then be refiled in the bankruptcy court.

## I

■ The debtors appeal the dismissals without prejudice of the dischargeability complaints. They assert that the bankruptcy judge erred by waiving the requirement of Bankruptcy Rule 409(a)(2) that objections to discharge be filed not more than ninety days after the first date set for the meeting of creditors. The debtors complain that the bankruptcy court's action conflicts with the Bankruptcy Code's goal of speedy resolution of the debtors' affairs and that the debtors' status will remain in limbo while the litigation moves slowly through the state courts.

We have concluded that this ruling was not an abuse of discretion despite the possible harm to the debtors. The bankruptcy judge could extend the time for the filing of the dischargeability complaints. Rule 409, although modified by Interim Rule 4003, states: "The court may for cause, on its own initiative, or on application of a party in interest, extend the time fixed [for filing dischargeability complaints] under this paragraph." Here, the trial court was, in effect, extending the time to file while the case was heard by the state courts. Referral back to the state or other trial court is proper. *Austin v. Wendell-West Company,* 539 F.2d 71 (9th Cir., 1976); *In re Lebow,* 397 F.Supp. 487 (S.D.N.Y., 1975); *see, Harris v. Fidelity and Deposit Co. of Maryland,* 7 B.R. 284, 3 C.B.C.2d 189, 6 B.C.D. 1166 (S.D.Fla., 1980); *see also Transamerica Insurance Company v. Olmstead,* 608 F.2d 1365 (10th Cir., 1979). The state court can determine the many state law issues; e.g., forgery, involvement of the debtors in any forgery, damages, and the liability of the many defendants to the plaintiff and to each other for contribution or indemnity.

Judicial economy will be served by this procedure because, if the debtors win in the state court actions, there will be no need for the bankruptcy court to hear the dischargeability complaints and the many cross-complaints. In addition, there is no guarantee—with the present caseloads—that the bankruptcy court would decide the case more swiftly than the state court.

## II

■ Debtors object to the remand because Tabuena would have less to prove under state law. *See,* Cal.Civ.Code § 1709, 1710 (no showing of specific intent to defraud required in civil suits for fraud). Section § 523(a) of the Bankruptcy Code, has stricter requirements; a nondischargeable debt must arise from one or more enumerated acts, there must be *wrongful intent (Lawrence T. Lasagna, Inc. v. Foster,* 609 F.2d 392 (9th Cir., 1979); *Houtman v. Mann,* 568 F.2d 651 (9th Cir., 1978)), and this intent must be proved by clear and convincing evidence (*Love v. Menick,* 341 F.2d 680 (9th Cir., 1965); *In re Klein,* 20 B.R. 119 (Bkrtcy.E.D.Pa., 1982); *In re Lowinger,* 19 B.R. 853 (Bkrtcy.S.D.Fla., 1982; *In re Rauch,* 18 B.R. 99 (Bkrtcy.W.D.Mo., 1982)). The debtors misconceive the reason for the remand. It is not designed to determine dischargeability except to the extent that a state court judgment that there was no fraud of the debtors will necessarily mean there is no debt to be excepted from discharge. If the state court finds fraud, the bankruptcy court must then decide the dischargeability issues. The bankruptcy court will surely apply the requirements of bankruptcy law and not consider itself bound by the state court decision. State court judgments are neither res judicata nor collateral estoppel in a bankruptcy court's determination as to whether or not a particular debt is dischargeable under section 523(a)(2), (4) or (6). *Houtman v. Mann, supra; Lawrence T. Lasagna, Inc. v. Foster, supra; Matter of Kasler,* 611 F.2d 308 (9th

Cir., 1979); *Commonwealth of Massachusetts v. Hale,* 618 F.2d 143 (1st Cir., 1980).

Because of the implicit extension of time to refile the dischargeability complaint at a later date, no error was committed. However, we believe the court could have accomplished the same result with less effort and without any possible harm to the debtors by ordering the timely-filed dischargeability complaint off calendar—or continuing the matter from time to time—until the conclusion of the state court litigation.

### III

The debtors contend that the bankruptcy judge erred because he lifted the stay so that the case could go forward in the state court. Lifting the stay, however, was essential to allow the case to proceed in the state court. The standard of review of such an order is abuse of discretion and, for the reasons stated in part I above, we cannot say that the court's discretion was abused.

The orders of the bankruptcy court are therefore AFFIRMED.