**In The Matter Of PAGE–WILSON CORPORATION, Debtor.**

**Bankruptcy No. 2–83–00778.**

United States Bankruptcy Court, D. Connecticut.

March 2, 1984.

Judith A. Mauzaka, Bridgeport, Conn., for movant.

Paula Yellman, Hartford, Conn., for debtor.

## MEMORANDUM AND ORDER

## RE: MOTION FOR MODIFICATION OF STAY

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

### BACKGROUND

Alan Hotchkiss (movant) seeks by motion to modify the automatic stay of 11 U.S.C. § 362(a)[1] to permit him to institute suit against Page-Wilson Corporation (debtor), the debtor in this chapter 11 case. The "cause"[2] which movant claims for relief as set forth in his moving papers is as follows.

Movant is sixty years old. On March 10, 1982, movant was terminated from a position he held with debtor. Since that termination, movant has suffered two heart attacks and has recently undergone open heart surgery. On August 23, 1982, movant filed an age discrimination complaint with the Connecticut Commission on Human Rights and Opportunities concerning his termination by debtor. That administrative complaint is still pending. Debtor filed its chapter 11 petition on October 11, 1983. Movant seeks relief from stay to institute an age discrimination suit against debtor in the United States District Court before the two-year limitation period on such actions expires on March 10, 1984. Movant filed his motion on January 3, 1984. On January 9, 1984, he filed a timely proof of claim against the estate for $300,000.00. At the January 31, 1984 hearing on the motion,

---

1. [A] petition filed under . . . this title . . . operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. . . .

11 U.S.C.A. § 362(a)(1) (West 1979 and 1983 Supp.).

2. On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
    (1) for cause. . . .
11 U.S.C.A. § 362(d) (West 1979).

movant's counsel conceded that a district court trial with a jury request would take at least three years to complete.

## II.

## DISCUSSION

█ The bankruptcy court normally supervises the liquidation of claims against the estate. *Gardner v. New Jersey*, 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1947); *United States Fidelity & G. Co. v. Bray*, 225 U.S. 205, 32 S.Ct. 620, 56 L.Ed. 1055 (1912). "[T]he rule is not inexorable," *Nathanson v. National Labor Relations Board*, 344 U.S. 25, 30, 73 S.Ct. 80, 83, 97 L.Ed. 23, 30 (1952), and there are a limited number of exceptions. Thus, when a claim can be as expeditiously liquidated in a suit pending in another forum, and the expertise of the bankruptcy court is not required, that suit is often allowed to continue to avoid wasted time and effort. *See, e.g., Holtkamp v. Littlefield (Matter of Holtkamp)*, 669 F.2d 505 (7th Cir.1982) (state court personal injury action five days from trial). If a specialized area of federal law is involved in liquidating a claim and a specialized federal tribunal has been provided, the bankruptcy court will defer to that tribunal. *See, e.g., Nathanson v. National Labor Relations Board, supra* (labor relations); *Gary Aircraft Corp. v. United States (Matter of Gary Aircraft Corp.)*, 698 F.2d 775, cert. denied, —— U.S. ——, 104 S.Ct. 82, 78 L.Ed.2d 92 (5th Cir.1983) (government contract). Where the expertise of a state court is needed in resolving a question of state law, the bankruptcy court will likewise defer to the state forum. *See, e.g., Ozai v. Tabuena (In re Ozai)*, 34 B.R. 764 (Bkrtcy. App. 9th Cir.1983). *See also Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940). And where a claim is to be satisfied out of insurance

proceeds, or in other similar situations, liquidation will be permitted outside of bankruptcy court. *See Foust v. Munson Steamship Lines*, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49 (1936) (Insurance); *Folkmann Feed & Grain, Inc. v. Steffens Farm Supply, Inc. (In re Steffens Farm Supply, Inc.)*, 35 B.R. 73 (Bkrtcy.N.D.Iowa 1983) (Creditor needed judgment against debtor to proceed against transferee under Bulk Sales Act).

█ The moving papers disclose no facts which suggest the applicability of any of the exceptions stated above. Age and its infirmities do not of themselves constitute "cause." *In re Petronello*, 33 B.R. 750 (Bkrtcy.W.D.N.Y.1983). Section 108(c) answers movant's statute of limitation argument.[3] *Carter v. Larkham (In re Larkham)*, 31 B.R. 273 (Bkrtcy.D.Vt.1983), upon which movant relies, does not stand for the proposition that a civil rights claimant is always allowed choice of forum for claim liquidation. What *Larkham* and other similar cases indicate is that if a claim alleges federally prohibited discrimination and an action is already pending which can be heard expeditiously, the non-bankruptcy forum may be utilized if there is no great prejudice to the estate. *See also Paden v. Union for Experimenting Colleges, Etc.*, 7 B.R. 289 (D.C.N.D.Ill.1980); *Webb v. Alan Wood Steel Company (In re Alan Wood Steel Company)*, 4 B.C.D. 918 (Bkrtcy.E.D. Pa.1978). Movant seeks leave to file his suit; it is not now pending. As movant has conceded, a jury trial of his claim in district court will require at least three years. The claim will be liquidated more expeditiously in bankruptcy court where the speedier summary procedures of equity are available. *See Katchen v. Landy*, 382 U.S. 323, 328–29, 86 S.Ct. 467, 472, 15 L.Ed.2d 391, 396 (1966). Moreover, if the delay allowed the debtor-in-possession in examining and

---

**3.** "[I]f applicable law ... fixes a period for commencing or continuing a civil action in a court other than bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and
(2) 30 days after notice of the termination or expiration of the stay under section 362, 922 or 1301 of this title, as the case may be, with respect to such claim.
11 U.S.C.A. § 108(c) (West 1979).

objecting to claims in order to ascertain if any purpose would be served thereby, e.g., if any dividend will be distributed, *see* 11 U.S.C. §§ 704, 1106, 1107, is likely to prejudice a creditor's rights, he may move at any time for an earlier consideration and allowance of his claim. *See In re Arcadia Restaurant Co.,* 19 F.Supp. 355, 356 (E.D.Pa. 1937). Movant's age, ill health and the nature of his claim would receive consideration on such a motion. Therefore, since the facts which movant alleges reveal that the claim may be liquidated as fairly and expeditiously here as elsewhere, movant has stated no "cause" justifying modification of stay. *See Poinsett Lumber & Mfg. Co. v. Drainage Dist. No. 7,* 119 F.2d 270, 272 (8th Cir.1941).

For the reasons discussed above, the motion for modification of the automatic stay is denied, and it is

SO ORDERED.