No. 84-443

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

STATE OF MONTANA, ex rel., JOSEPH
DUANE ROUGH,

        Relator,

    -vs-

THE DISTRICT COURT OF THE EIGHTH
JUDICIAL DISTRICT, et al.,

        Respondents.

_____

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

      For Relator:

          LaRue Smith, Great Falls, Montana

      For Respondent:

          Clary & Clary, Great Falls, Montana

_____

Submitted on Briefs: July 11, 1985

Decided: December 5, 1985

Filed: **DEC - 5 1985**

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Relator, Joseph Duane Rough, petitioned this Court to review by writ of certiorari an order of the Cascade County District Court holding him in contempt. We reverse and remand.

The issues on appeal are:

1. Did the District Court have subject matter jurisdiction to enforce an obligation allegedly discharged by the United States Bankruptcy Court?

2. Did the District Court err in concluding that the credit union debt was excepted from discharge?

In 1977, Joseph Rough married Nancy Rough. In July 1982, they co-signed a promissory note for $2,394.20 to the Malmstrom Federal Credit Union. Nancy Rough also signed a separate guarantee agreement.

On December 30, 1982, Nancy and Joseph Rough were divorced. The District Court incorporated into the dissolution decree the parties' property division and support agreement. Under the decree, Joseph Rough contributed $250.00 per month child support but no maintenance. In addition, he was to pay the debt owed to Malmstrom Federal Credit Union.

In July 1983, Joseph Rough filed a petition for bankruptcy. He listed Malmstrom Federal Credit Union as an unsecured creditor. Nancy Rough was not listed as a creditor, even though she was a co-debtor and guarantor on the debt. On November 16, 1983, Joseph Rough received a general discharge of his debts by order of the United States Bankruptcy Court for the District of Montana. Shortly thereafter, First Liberty Federal Credit Union, successor in interest to Malmstrom Federal Credit Union, commenced a collection suit against Nancy Rough in Justice Court.

2

Nancy Rough moved the District Court to enforce the terms of the dissolution decree and require Joseph Rough to make appropriate arrangements to release her from any obligation due and owing to the credit union. Following a hearing on the motion, the District Court concluded:

> That the bankruptcy discharged the Respondent of his own obligation to pay the Credit Union, but did not discharge his obligation under the Decree of Dissolution to pay the indebtedness due the Credit Union for which the Petitioner was held liable.
>
> That by his failure to pay the Malmstrom Federal Credit Union obligation, the Respondent is in contempt of the Court's Decree of Dissolution and the Agreement between the parties.

The court held Joseph Rough in contempt but stayed the judgment, contingent on satisfactory arrangements being made to pay the credit union and Nancy Rough's attorney's fees. Upon Joseph Rough's failure to make satisfactory arrangements, the District Court ordered him to serve 5 days in jail and execute an allotment authorizing $250 per pay period to Nancy Rough in order that she might pay the debt owed the credit union, attorney's fees, and interest. The order stated that the jail term was suspended for ten days and that if Joseph Rough executed the allotment, the sentence would be suspended.

Joseph Rough filed a petition for writ of certiorari asking this Court to review the contempt order and money judgment. The petition was granted and this Court stayed further contempt proceedings.

I

Did the District Court have subject matter jurisdiction to enforce an obligation allegedly discharged by the United States Bankruptcy Court?

Nancy Rough contends that the District Court has jurisdiction to determine whether obligations under a

3

dissolution decree are enforceable and whether a debt is excepted from discharge because it was neither listed nor scheduled.

Joseph Rough argues that a discharge in bankruptcy wipes clean all previous debts. We disagree. Under Title 11 U.S.C. § 523, some debts flow through the bankruptcy unaffected even though the debtor is granted a general discharge. Title 11 U.S.C. § 523(a)(3) and (5) specifically except from discharge unlisted creditors and debts in the nature of alimony, maintenance or support.

The Bankruptcy Court has concurrent but not exclusive jurisdiction to determine whether debts are excepted from discharge under § 523(a)(3) and (5).

> [D]ebts that fall within section 523(a)(3) are of the type which the bankruptcy court has concurrent but not exclusive jurisdiction. Should a creditor bring suit in a court other than the bankruptcy court on a debt which he contends is excepted from discharge under section 523(a)(3), the local court would determine the question of dischargeability.
>
> . . .
>
> Section 523(a)(5) does not fall within the terms of section 523(c) which discharges debts specified in section 523(a)(2), (4) or (6) unless the creditor requests the court for a hearing to determine dischargeability of such debts. In effect, the determination of whether debts within subsection (a)(2), (4) or (6) are dischargeable under section 523(a) falls within the exclusive jurisdiction of the bankruptcy court, and only as a matter of concurrent jurisdiction with respect to other types of debts. . .
>
> Thus, debts falling within other clauses of section 523(a) may have the issue of dischargeability tried in courts other than those of bankruptcy unless a complaint is filed by either the creditor or the debtor in the bankruptcy court.

3 Collier on Bankruptcy ¶¶ 523.13[9] & 523.15[6] (15th ed. 1985). See also In re Mattern (Bankr. S.D. Ala. 1983), 33 B.R. 566 and Loyko v. Loyko (N.J. Super. Ct. App. Div. 1985), 490 A.2d 802.

4

We hold the District Court had jurisdiction to determine whether the debt was excepted from discharge.

II

Did the District Court err in concluding that the credit union debt was excepted from discharge?

In substance, the court ruled that the obligation under the dissolution decree was not dischargeable. Under Title 11 U.S.C. § 523(a)(5), only debts constituting alimony, maintenance or support are excepted from discharge.

> An indebtedness for a former spouse for alimony, maintenance, or support of the spouse or the couple's children which is memorialized in the divorce decree is not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(5). An indebtedness in the divorce decree that merely divides the marital property, however, is dischargeable.

Matter of Coil (7th Cir. 1982), 680 F.2d 1170, 1171.

"The issue of when an assumption of joint debts is in 'the nature of alimony, maintenance or support' as opposed to a division of communal property is to be determined by federal bankruptcy law [and not state law]." In re Calhoun (6th Cir. 1983), 715 F.2d 1103, 1107. The District Court made no findings of fact or conclusions of law with respect to the nature of the debt, and for that reason we remand this issue for further proceedings.

The mere fact a debt is labeled a property division or support payment is not controlling. A "well-established principle of bankruptcy law [is] that dischargeability must be determined by the substance of the liability rather than its form." In re Spong (2d Cir. 1981), 661 F.2d 6, 9.

Although various tests are used by different circuits, we adopt the view of the Ninth Circuit:

> Because of the federal interests reflected in the Bankruptcy Act, the courts look to federal law to determine whether an obligation is "actually in the nature of . . . support" and is therefore

5

nondischargeable . . . "[R]egardless of how a state may choose to define 'alimony', a . . . court, for purposes of applying the federal bankruptcy laws, is not bound to a label that a state affixes to an award, and that, consistent with the objectives of federal bankruptcy policy, the substance of the award must govern."

. . .

In determining whether an obligation is intended for support of a former spouse, the court must look beyond the language of the decree to the intent of the parties and to the substance of the obligation . . . The courts that have considered this issue have used several factors to aid in the characterization of the debt. If an agreement fails to provide explicitly for spousal support, a court may presume that a so-called "property settlement" is intended for support when the circumstances of the case indicate that the recipient spouse needs support . . . Factors indicating that support is necessary include the presence of minor children and an imbalance in the relative income of the parties . . . Similarly, if an obligation terminates on the death or remarriage of the recipient spouse, a court may be inclined to classify the agreement as one for support . . . A property settlement would not be affected by the personal circumstances of the recipient spouse; thus, a change in those circumstances would not affect a true property settlement, although it would affect the need for support. The court will look also to nature and duration of the obligation to determine whether it is intended as support. Support payments tend to mirror the recipient spouse's need for support. Thus, such payments are generally made directly to the recipient spouse and are paid in installments over a substantial period of time.

Shaver v. Shaver (9th Cir. 1984), 736 F.2d 1314, 1316-17 (citations omitted).

Section 523(a)(3) provides that debts neither listed nor scheduled are excepted from discharge unless the creditor had notice or actual knowledge of the case to permit timely filing of a proof of claim. We note that co-debtors and

6

guarantors are classified as creditors and entitled to notice. See In re Warner (Bankr. D. Utah 1980), 5 B.R. 434; In re Gilbert (Bankr. N.D. Ohio 1984), 38 B.R. 948; In re Barnett (Bankr. S.D. N.Y. 1984), 42 B.R. 254. We conclude there is an unresolved fact issue as to whether Nancy Rough had notice or actual knowledge of the bankruptcy. See 3 Collier on Bankruptcy ¶ 523.13[5][c] (15th ed. 1985). We remand this issue to the District Court.

We reverse the order of contempt and remand for the District Court to determine whether the debt was in the nature of alimony, maintenance or support and, if not, whether Nancy Rough had notice or actual knowledge of the case to permit timely filing of a proof of claim.

_____
Justice

We Concur:

_____
Chief Justice

_____
John Conway Harrison

_____

_____

_____

_____
Justices