NO.   95-575

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE MARRIAGE OF

REBECCA JEAN YATES,

      Petitioner and Respondent,

   and

JUSTIN GREG YATES,

      Respondent and Appellant.


APPEAL FROM:   District Court of the Thirteenth Judicial District,
                 In and for the County of Yellowstone,
                 The Honorable Russell G. Fagg, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Richard O. Harkins; Attorney at Law;
          Ekalaka, Montana

      For Respondent:

          Joan Meyer Nye; Nye & Meyer;
          Billings, Montana

FILED

DEC 1 9 1996

Filed:

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

_____
Clerk

Submitted on Briefs:  November 21, 1996

Decided:  December 19, 1996

Justice Terry N. Trieweiler delivered the opinion of the Court.

Justin Greg Yates filed a petition pursuant to Chapter 7 of the Bankruptcy Code on September 6, 1994, in the United States Bankruptcy Court in the District of Montana, in which he named his ex-wife, Rebecca Jean Yates, as a creditor. In response, Rebecca filed an adversarial proceeding in Bankruptcy Court, in which she objected to the discharge of Justin's obligations to her. On January 12, 1995, the Bankruptcy Court entered an order in which it abstained from the proceeding and remanded the question of dischargeability to the District Court for the Thirteenth Judicial Court in Yellowstone County. Following a hearing, the District Court issued an order in which it concluded that, pursuant to 11 U.S.C. § 523(a)(5), Justin's debts to Rebecca for maintenance and property settlement are not dischargeable. Justin appeals the District Court's order. We affirm in part and reverse in part the order of the District Court.

We address three issues on appeal:

1. Did the District Court have jurisdiction to decide the issue of dischargeability, pursuant to 11 U.S.C. § 523?

2. Did the District Court err when it concluded that Justin's maintenance obligation is not dischargeable?

3. Did the District Court err when it concluded that Justin's property settlement obligation is not dischargeable?

                    FACTUAL BACKGROUND

The marriage of Justin and Rebecca Yates was dissolved by decree on June 30, 1992. The dissolution decree required Justin to

2

pay Rebecca the amount of $23,171.50 for property settlement, and maintenance in the amount of $300 per month for twenty-four months or until full-time employment or remarriage.

As of 1994, Justin had not paid any of the amount owed to Rebecca for property settlement or maintenance. Following a hearing on August 11, 1994, the District Court entered an order in which it found that Justin had property and income sufficient to make some payments on the two obligations to Rebecca. The court therefore found Justin to be in contempt and ordered him to sell certain items of property and to sign a partial assignment of wages to purge himself of contempt. Justin did not appeal the District Court's order.

On September 6, 1994, Justin filed a petition pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court and sought a discharge from his property division and maintenance obligations. In response, Rebecca filed an adversarial proceeding in which she claimed that Justin's debts to her were not dischargeable. On January 12, 1995, the Bankruptcy Court issued an order of abstention and remanded the case to the Thirteenth Judicial District Court for a determination of dischargeability.

The District Court held a hearing to consider the issue of the dischargeability of Justin's two debts to Rebecca on October 27, 1995. In its findings of fact, conclusions of law, and order, entered November 15, 1995, the court concluded that, pursuant to 11 U.S.C. § 523(a)(5), neither Justin's maintenance obligation nor his property settlement obligation are dischargeable. The court

**therefore** ordered Justin to comply with its contempt order of August 23, 1994

## STANDARD OF REVIEW

Our review of a district court's order is two-fold. First, we review the district court's findings of fact to determine whether they are clearly erroneous. *Daines v. Knight* (1995), *269* Mont. 320, 324, 888 P.2d 904, 906. Second, we review a district court's conclusions of law to determine whether the court's interpretation of the law is correct. *Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

## ISSUE 1

Did the District Court have jurisdiction to decide the issue of dischargeability, pursuant to 11 U.S.C. § 523?

In this case, the United States Bankruptcy Court in the District of Montana entered an order in which it abstained from the issue of the dischargeability of Justin's debts and transferred the issue to the Thirteenth Judicial District Court in Yellowstone County. The Bankruptcy Court reasoned that the proper forum for the issue of the discharge of a support claim in a divorce action is the state district court. In support of its conclusion, the court relied on *In re Rough* (Bankr. Mont. 1986), 3 Mont. B.R. 1, 3, in which the same court stated:

> It is a well settled rule that the Bankruptcy Court has concurrent jurisdiction, as opposed to exclusive jurisdiction to determine the dischargeability of a debt under Section 523(a) (5). In re Aldrich, 34 B.R. 776, 780 (BAP 9th Cir. 1983); State of Montana ex rel. Rough v. District Court, [218 Mont. 499, 502, 710 P.2d 47, 49], 42 St. Rep. 1773, 1775 (1985); 3 Collier on Bankruptcy, 523.15(6), pp. 108-109 (15th edition).

4

The District Court accepted concurrent jurisdiction and concluded that (1) Justin's maintenance obligation is not dischargeable, pursuant to 11 U.S.C. § 523(a)(5), and that (2) Justin's property settlement obligation is not dischargeable, pursuant to 11 U.S.C. § 523(a)(5).

It is well established that a state district court has concurrent jurisdiction with a federal bankruptcy court to determine the issue of the dischargeability of debts pursuant to 11 U.S.C. § *523(a)(5)*. *State ex rel. Rough v. District Court* (1985), 218 Mont. 499, 502, 710 P.2d 47, 49. Therefore, we hold that the District Court in this case had jurisdiction, following the Bankruptcy Court's abstention, to decide the issue of the dischargeability of Justin's maintenance and property division obligations pursuant to § 523(a)(5).

### ISSUE 2

Did the District Court err when it concluded that Justin's maintenance obligation is not dischargeable?

The parties' decree of dissolution, entered on June 30, 1992, required Justin to pay Rebecca the amount of $23,171.50 as the value of her interest in marital property, and maintenance in the amount of $300 per month for twenty-four months or until full-time employment or remarriage. In support of its award of maintenance, the District Court made a finding that:

> Rebecca had no skills or job training at the time of separation. She has embarked on a plan of vocational training, and she needs some financial assistance to complete that so that she can become self-supporting. She is receiving financial assistance during her training by reason of a PELL grant. Justin's living expenses are

5

> very low because he lives on his parents' ranch and is able to contribute something to Rebecca's reasonable maintenance . . Commencing July 1st, 1992 Justin should pay Rebecca $300 per month until she obtains full employment or remarries, but in any event not to exceed 24 months.

Justin did not appeal the District Court's order which awarded Rebecca maintenance

In determining the issue of the dischargeability of Justin's debt, the District Court concluded that its original ma.iintenance award is not dischargeable pursuant to 11 U.S.C. § 523(a)(5).

11 U.S.C. § 523(a)(5) excepts from discharge a debt

> to a spouse, former spouse, or a child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement . .

Section 523(a)(5)(B) provides that the exception does not extend to a debt to the extent that

> such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

In this case, Justin maintains that the District Court's award of maintenance is not "in the nature of . . maintenance," pursuant to 11 U.S.C. § 523(a)(5)(B), and is thus dischargeable. Specifically, Justin alleges that Rebecca became self-supporting in mid-September 1992, so that the District Court's maintenance award was no longer necessary after that date. Justin therefore maintains that "[t]he portion payable after Rebecca became self-supporting . should be discharged."

6

The determination of whether a debt to a former spouse qualifies as nondischargeable support pursuant to 11 U.S.C. § 523(a)(5)(B) is a matter of federal law. *In re Gianakas* (3d Cir 1990), 917 F.2d 759, 762. Federal courts have held that "[t]he critical question in determining whether the obligation is, in substance, support is 'the function served by the obligation at the time of divorce.'" *In re Sampson* (10th Cir. 1993), 997 F.2d 717, 725. Factors relied on by bankruptcy courts in making such a determination include:

> (1) Whether the obligation under consideration is subject to contingencies, such as death or remarriage;
>
> (2) Whether the payment was fashioned in order to balance disparate incomes of the parties;
>
> (3) Whether the obligation is payable in installments or a lump sum;
>
> (4) Whether there are minor children involved in a marriage requiring support;
>
> (5) The respective physical health of the spouse and the level of education;
>
> (6) Whether, in fact, there was a need for spousal support at the time of the circumstances of the particular case.

*In re Robinson* (Bankr. N.D. Ga. 1996), 193 B.R. 367, 372. See also In YE *Bowsman* (Bankr. M.D. Fl. 1991), 128 B.R. 485, 487; *In re Graves* (Bankr. S.D. Fla. 1987), 69 B.R. 626, 628.

In this case, an evaluation of the terms of the dissolution decree in light of 11 U.S.C. § 523(a)(5)(B) and federal bankruptcy factors clearly supports the District Court's finding that the original maintenance award was in the nature of support, and

therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(5). As set forth above, the award was payable in monthly installments for a period of up to twenty-four months and was made contingent upon remarriage or full-time employment. Furthermore, the award was based on the court's finding that Rebecca had no skills or job training at the **time of** the couple's separation and therefore needed financial assistance for vocational training. Finally, the award referred to the couple's disparate incomes and found that Justin had the means to contribute to Rebecca's reasonable maintenance. Based on the foregoing factors, we hold that the District Court's conclusion that Justin's maintenance obligation was not dischargeable is correct.

Furthermore, we reject Justin's contention that the District Court was required to re-evaluate the original maintenance award in light of Rebecca's subsequent employment. The majority of federal bankruptcy courts holds that an inquiry into whether a maintenance award is in the nature of support, pursuant to 11 U.S.C. § 523(a)(5), should not include an examination of the present situation of the parties. *See, e.g., Forsdick v. Turgeon* (2d Cir. 1987), 812 F.2d 801, 803; *In re Harrell* (11th. Cir. 1985), 754 F.2d 902, 907; *Boyle v. Donovan* (8th Cir. 1984), 724 F.2d 681, 683; *In re Stone* (Bankr. D.Md. 1987), 79 B.R. 633, 639. The Second Circuit Court of Appeals, in fact, addressed the same issue and held:

> As a secondary position the husband argues that even if the . award was in the nature of alimony and hence was nondischargeable under § 523(a)(5), the bankruptcy court should have taken notice of the alleged "changed circumstances" of the parties and held that because the wife apparently no longer requires the support granted to

her by the state court decision, the obligation is dischargeable despite the language of § 523(a)(5) . . .

.

There is no support in the language of § 523(a)(5) for the husband's position. As the eleventh circuit noted in *Harrell*, 754 F.2d at 906, "[t]he language does not suggest a precise inquiry into financial circumstances to determine precise levels of need or support; nor does the statutory language contemplate an ongoing assessment of need as circumstances change." <u>To be exempt from discharge an award of alimony or support does not have to conform exactly to some level that a bankruptcy judge might deem necessary for maintenance of a former spouse or children; it merely has to be "in the nature of" alimony or support. In short, there is no warrant for a federal bankruptcy court to evaluate the state court's alimony award against the needs of the former spouse to whom it was granted</u>.

*Forsdick*, 812 F.2d at 803-04 (emphasis added) (citation omitted).

In this case, then, the circumstances of Rebecca's employment after the decree of dissolution are clearly irrelevant to a determination of the dischargeability of Justin's maintenance debts. If Justin had chosen to contest Rebecca's award of maintenance, he could have appealed the District Court's original dissolution decree or petitioned that court for a modification of the decree. It is a matter of federal law, however, that the proper forum for a determination of "changed circumstances" is not a federal bankruptcy court or a state court sitting as a bankruptcy court.

We therefore hold that the District Court did not err when it declined to consider the changed circumstances of the parties. We affirm the District Court's holding that Justin's maintenance debt was not dischargeable, pursuant to 11 U.S.C. § 523(a)(5).

ISSUE 3

Did the District Court err when it concluded that Justin's property settlement obligation is not dischargeable?

The District Court, in its "Order of Nondischargeability," concluded that Justin's obligation to pay Rebecca the amount of $23,171.50 for settlement of her interest in the marital property is not dischargeable pursuant to 11 U.S.C. § 523(a)(5), which provides that debts which constitute alimony, maintenance, or support are excepted from discharge. On appeal, Justin maintains that the $23,171.50 obligation is not a debt for alimony, maintenance, or support of Rebecca, and is thus dischargeable as a debt for the division of marital property.

It is well established that:

> An indebtedness for a former spouse for alimony, maintenance, or support of the spouse or the couple's children which is memorialized in the divorce decree is not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(5). <u>An indebtedness in the divorce decree that merely divides the marriage property, however, is dischargeable</u>.

*State ex rel. Rough v. District Court* (1985), 218 Mont. 499, 503, 710 P.2d 47, 49 (quoting *In re Coil* (7th Cir. 1982), 680 F.2d 1170, 1171). see also *In re Morel* (8th Cir. 1992), 983 F.2d 104, 105; In *re Brody* (2d Cir. 1993), 3 F.3d 35, 38. This Court has adopted a test for the determination of whether an alleged property settlement is intended for a spouse's support:

> In determining whether an obligation is intended for support of a former spouse, the court must look beyond the language of the decree to the intent of the parties and to the substance of the obligation . . If an agreement fails to provide explicitly for spousal support, a court may presume that a so-called "property settlement" is intended for support when the

10

circumstances of the case indicate that the recipient spouse needs support . . . . Factors indicating-that support is necessary include the presence of minor children and an imbalance in the relative income of the parties . . Similarly, if an obligation terminates on the death or remarriage of the recipient spouse, a court may be inclined to classify the agreement as one for support . . . . A property settlement would not be affected by the personal circumstances of the recipient spouse; thus, a change in those circumstances would not affect a true property settlement, although it would affect the need for support. The court will look also to nature and duration of the obligation to determine whether it is intended as support. Support payments tend to mirror the recipient spouse's need for support. Thus, such payments are generally made directly to the recipient spouse and are paid in installments over a substantial period of time.

*Rough,* 218 Mont. at 503-04, 710 P.2d at 50 (quoting *Shaver v. Shaver* (9th Cir. 1984), 736 F.2d 1314, 1316-17).

In this case, the District Court made no finding that the amount awarded for division of the couple's marital property was actually in the nature of support. In fact, a review of the decree of dissolution makes clear that the $27,171.50 obligation was solely intended as a division of the couple's marital estate. In the decree, the District Court entered the following finding:

> The court finds that . . the net estate of the parties at the time of separation is $61,855 ($54,099 [cattle and other assets] + $3,450 C.D. + $1,600 state income refund + $2,706 federal income refund). Accordingly, each party should receive $30,927.50 as that party's one-half share of the net marital estate . . . . Justin shall transfer to Rebecca said certificate of deposit in the amount of $3,450 and transfer to her by endorsement of the check, or otherwise, the federal and state income tax refund in the amount of $4,306, which, when deducted from her share of the marital estate, leaves a balance due her of $23,171.50; said amount shall be paid Justin to Rebecca as soon as practicable, and in any event, not later than 60 days from the date of entry of judgment herein.

11

Based on the *Rough* factors, the District Court's property division does not qualify does not qualify as an order in the nature of support. First, the award was not dependent upon Rebecca's personal circumstances and was thus not terminable upon Rebecca's death or remarriage. Second, the award was not payable in installment payments over a substantial period of time, but instead was to be paid in one lump sum within a period of sixty days. Finally, the dissolution decree provided separately for Rebecca's support in the form of an award of maintenance, which, as set forth above, clearly addressed Rebecca's need for support in light of the disparity in the couple's income.

Because the property division award was not in the nature of alimony, maintenance, or support, it is not a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(5). On appeal, however, Rebecca contends that even if Justin's debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(5), this Court may still affirm the District Court's "Order of Nondischargeability" on the ground that Justin's debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(6).

In this case, the District Court did not address the issue of the dischargeability of Justin's debts pursuant to 11 U.S.C. § 523(a)(6), which provides that a debtor may not be released from a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." The District Court's failure to address that issue was, however, correct. A claim pursuant to 11 U.S.C. § 523(a)(6), unlike § 523(a)(5), "may not be pursued in the state court as a result of the exclusive

12

jurisdiction granted to the bankruptcy courts by the bankruptcy code." *In re Aldrich* (Bankr. App. 1983), 34 B.R. 776, 781. See also In *re Martinez* (Bankr. N.D. Ill. 1990), 110 B.R. 353, 355; *In re Holt* (Bankr. S.D. Ohio 1989), 102 B.R. 116, 119; *In re Petronello* (Bankr. W.D.N.Y. 1983), 33 B.R. 750, 751. Because the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(6) is within the exclusive jurisdiction of a federal bankruptcy court, the District Court in this case clearly did not have jurisdiction to determine whether Justin's debt for property division was dischargeable pursuant to that section.

We hold that the District Court erred when it concluded that Justin's debt for property division is not dischargeable pursuant to 11 U.S.C. § 523(a)(5). We further hold that the District Court did not have jurisdiction to address the issue of the dischargeability of that debt pursuant to §523(a)(6). We therefore reverse that portion of the court's "Order of Nondischargeability" which concluded that Justin's $23,171.50 debt was not dischargeable and affirm that portion of the District Court's order which concluded that Justin's maintenance obligation was not dischargeable.

_____
                                   Justice

We concur:

_____
      Chief Justice

13

_[signature]_

_William E. Hunt_

_W. William Leaphart_

Justices