151 N.J. Super. 363 (1977)
376 A.2d 1287
SUSAN M. SISCO, PLAINTIFF,
v.
NEW JERSEY BANK, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 8, 1977.
*365 Mr. Edward V. Torack argued the cause for the plaintiff. (Messrs. Hook & Torack, attorneys).
Mr. Allan A. Maki for defendant.
VAN TASSEL, J.C.C., Temporarily Assigned.
This matter is before the court pursuant to an order to show cause brought by plaintiff Susan M. Sisco, demanding that her interest in a certain property be discharged from a levy and lien of execution held by defendant New Jersey Bank.
On March 9, 1977 this court signed a final judgment of divorce between plaintiff and Stuart E. Sisco. This judgment contained several provisions relating to equitable distribution *366 and payment of debts which accrued during the marriage. Paragraph (h) of the judgment is salient to the present action, and it reads as follows:
The matrimonial home owned by the parties as tenants by the entirety known as 531 Summit Avenue, Franklin Lakes, New Jersey, shall be placed on the market and shall be sold at the highest price obtainable and the net proceeds, after paying off the balance due upon the first mortgage and any broker's commission, and necessary closing adjustments, shall be divided as follows:
60% thereof shall be paid to plaintiff 40% thereof shall be paid to defendant
These shares are declared to be liens upon the said marital home and proceeds of sale. Out of the defendant's share of the net distribution from the sale of the home, the following debts, which are declared to be liens shall be paid:

 Support arrearages due plaintiff pursuant to prior Orders of this
 Court in the total amount of $4,714 as of December 10, 1976 and
 arrearages to date are reduced herein to a judgment $3,950.00
 Hook & Torack, Esqs 1,500.00
 Bank of Passaic & Clifton 2,000.00
 Credit cards for department
 stores 2,800.00
 Eastern Christian School 2,000.00
 Plaintiff, for transfer of
 `Stop-N-Go of Clifton,
 Inc.' stock 2,500.00

On March 18, 1977 this judgment was filed pursuant to N.J.S.A. 2A:16-18.
On March 21, 1977 New Jersey Bank obtained a judgment against Stuart Sisco for a total of $17,905.20 and costs of suit, which represented the unpaid balance of a business loan Sisco had received from this bank. On March 25 the bank issued a writ of execution on its judgment, and on April 20 the bank levied on the property through the Sheriff of Bergen County.
The property directed to be sold by the judgment of divorce is currently under a contract of sale in which the purchase price is $77,000. After payment of the mortgage, Sisco's 40% share of the proceeds would be approximately $16,500. Plaintiff seeks to apply at least $12,750 of these monies to satisfy the liens, made for her benefit, with the balance *367 of approximately $3,750 payable to New Jersey Bank. The $2,000 ordered to be paid to the Bank of Passaic & Clifton was a loan payable by Sisco alone, and since payment of it is not for the benefit of Mrs. Sisco, the court will not deal with that loan in this opinion.
Defendant New Jersey Bank contends that due to their execution of their judgment and subsequent levy on the property, it now has priority for the full amount of their judgment. The bank also contends that its levy and claim reaches Mrs. Sisco's 50% interest as a tenant in common in the real estate[1], should Sisco's 50% interest be inadequate to liquidate the entire $18,038.20 judgment, including costs.
In New Jersey the conveyance of real property to a husband and wife vests them with an estate by the entirety, unless express language shows an intent to convey a different estate. Mosser v. Dolsay, 132 N.J. Eq. 121 (Ch. 1942). An absolute divorce terminates the marital relationship and converts an estate by the entirety into a tenancy in common. Sbarbaro v. Sbarbaro, 88 N.J. Eq. 101 (Ch. 1917), Mueller v. Mueller, 95 N.J. Super. 244 (App. Div. 1967).
In an estate by the entirety the husband and wife are considered as one person, with each spouse holding the entirety per tout et per my. Such an estate is not divisible and is not subject to partition. Mueller v. Mueller, supra. In a tenancy in common the tenants also hold an undivided interest in the same land, but the size of the shares of these tenants may be different. Shroser v. Isaacs, 28 N.J. Eq. 320 (Ch. 1877).
At the time of the judgment of divorce the Siscos ceased to hold their property as tenants by the entirety and became tenants in common. The judgment in paragraph (h), supra, provides that Mrs. Sisco's share in the premises is 60% and Mr. Sisco's share is 40%.
*368 New Jersey Bank obtained a judgment against Stuart Sisco only, and it can execute against the interest of Stuart Sisco in the property held by the Siscos. It is fundamental that a levying creditor or purchaser at an execution sale acquires no greater rights in the property than those of the debtor spouse. Dvorken v. Barrett, 100 N.J. Super. 306 (App. Div. 1968). Stuart Sisco, therefore, pursuant to the judgment of divorce, holds a 40% interest in the subject property as a tenant in common, and New Jersey Bank's claim of priority over Mrs. Sisco is only applicable to the 40% interest presently held by Mr. Sisco.
N.J.S.A. 2A:17-39 provides for the priority of judgments pursuant to an execution and sale as follows:
Whereas, other judgments, and recognizances, besides those, or some of those, by virtue whereof the sale aforesaid was made, might affect the real estate so sold, if no provision be made to remedy the same, and whereas, the persons who have not taken, or will not take out executions upon their judgments, or recognizances, ought not to hinder or prevent such as to take out executions from having the proper effect and fruits thereof, therefore, in any such case, the purchaser, his heirs and assigns, shall hold the lands, tenements, hereditaments, and real estate by him or her purchased as aforesaid, free and clear of all other judgments and recognizances, whatsoever, on or by virtue of which no execution has been taken out and executed on the real estate so purchased.
Under this section the issuance of the execution and levy by a judgment creditor results in priority for that judgment creditor over all other judgment creditors. Vineland S. & L. Ass'n v. Felmey, 12 N.J. Super. 384 (1951). However, all other prior encumbrances, except judgments and recognizances upon which no execution has issued, remain liens on the land and the execution sale must be made subject to them. N.J.S.A. 2A:17-41; Potts v. New Jersey Arms & Ordnance Co., 17 N.J. Eq. 516 (E. & A. 1865).
Plaintiff takes the position that she has an equitable lien in the amount of $12,750 on Mr. Sisco's 40% interest in the property, and that this lien is a prior encumbrance upon his *369 interest not subject to the priority provisions of N.J.S.A. 2A:17-39.
An equitable lien is a right to have property subjected in a court of equity to the payment of a claim. It is a mere floating equity until a judgment or decree subjecting the property to the payment of the debt or claim is rendered, and even though not judicially recognized until a judgment declaring its existence, it relates back to the time it was created by the conduct of the parties. 51 Am. Jur.2d, Liens, § 22 at 160-161.
In In Re Webb, 160 F. Supp. 544 (S.D. Ind. 1958), the divorced parties had a property settlement agreement incorporated into the divorce decree, which agreement covered all properties jointly owned by the parties and adjusted all property rights, alimony, support pendente lite, and expenses of the divorce action. The husband later went bankrupt and the wife sought to establish an equitable lien against funds derived from the sale of real estate by the trustee in bankruptcy. The court found that Mrs. Webb did have an equitable lien on the property to secure the debt owing by Mr. Webb, and that her lien was prior and superior to the trustee's interest in the property. The court also cited the case of Barnes v. American Fertilizer Co., 144 Va. 692, 130 S.E. 902 (Sup. Ct. App. 1925), in which a creditor of the divorced husband sought to obtain an attachment lien on property settled on the wife pursuant to a property settlement agreement. The creditor alleged that the wife's failure to record the agreement gave the subsequent attachment lien of the creditor priority. The court said:
* * * Taking into consideration the history and purpose of the statute, its commonly accepted application from the time of its first enactment, and the cases in which it has been held not to apply, we are of opinion that the application of the registry statutes was not intended to, nor should, be extended to decrees in controversy in this case and that the rights acquired by the wife and children by virtue of these decrees are not subject to the subsequent attachment lien of the creditor * * * It seems indisputable that, as the court had jurisdiction to approve the agreement, as it did, such approval *370 could have no less effect than to give them [the wife and her children] the right, in the absence of fraud, collusion, or imposition upon the court, to enforce compliance with the terms of the agreement in the proper proceedings in the proper forum, and that they were thereby vested with an equitable interest in the real estate in controversy, which, not being within the operation of the registry statutes, is superior to the lien of the attachment in this case. [130 S.E. at 910]
In Caldwell v. Armstrong, 342 F.2d 485 (10 Cir.1965), a Wyoming divorce decree ordered the husband to execute a partial assignment of insurance proceeds to his wife within five days, and if he failed to do this, the decree would operate as an assignment of the policy fund. In the subsequent bankruptcy proceeding the appellate court held that the wife had an equitable lien on the policy funds and that "no subsequent lien obtainable by legal or equitable proceedings on a simple contract could become superior to her rights." At 491.
Thus, it is apparent that at the time the divorce decree was entered, an equitable lien in the amount of $12,500 was created in favor of Mrs. Sisco on Mr. Sisco's 40% interest in the subject property. The court ordered in the divorce decree that the house be placed on the open market and sold, with the proceeds being applied in part to satisfy the first mortgage and the equitable liens which were created for the benefit of Mrs. Sisco. The house was placed on the market and, as stated previously, is currently under contract of sale. Had Mrs. Sisco attempted to execute on this judgment, levy on the property and have a sheriff's sale, such action would have been in direct contravention of the court order requiring the house to be put on the open market for sale. It would be anomalous to hold that the plaintiff should have disobeyed a Chancery Division judgment in order to protect her equitable interest in property against subsequent judgment creditors who may choose to execute on property subject to the equitable interest.
In In Re Fornabai, 227 F. Supp. 928 (D.N.J. 1964), the court interpreted N.J.S.A. 2A:17-39 as follows: *371 It would be manifestly inequitable if a senior judgment creditor were permitted to stand by while a junior judgment creditor incurred the expense in issuance of a writ of execution, levy upon, and sale of lands of a defendant, and then step in to share first in the proceeds. This would deny the junior lien holder who proceeded with diligence "the proper effect and fruits thereof." It was this inequity in procedural enforcement affecting judgment creditors and liens attaching by recognizance that the State Legislature recognized and sought to correct. Application of the provisions of the statute to priority status of liens other than those existing by virtue of judgment or recognizance would rest upon an interpretation which finds no sanction by weight of judicial precedent in the state courts. [at 932]
Under the present factual situation the equitable liens held by Mrs. Sisco against her former husband's 40% interest in subject property are not controlled by the priority provisions of N.J.S.A. 2A:17-39, and hence the judgment of New Jersey Bank is found to be subsequent and inferior to the liens of Mrs. Sisco.
Accordingly, plaintiff's interest is hereby discharged from the lien and levy issued by the defendant, New Jersey Bank.
NOTES
[1] It is the bank's position that the Siscos each received a 50% interest as tenants in common in the marital premises.