180 N.J. Super. 90 (1981)
433 A.2d 824
DANIEL P. LEE, PLAINTIFF,
v.
LOUISE W. LEE, DEFENDANT.
Superior Court of New Jersey, Chancery Division Bergen County.
Decided June 1, 1981.
*91 William G. Reed for plaintiff.
Robert T. Regan for defendant (McGuire and Regan, attorneys).
SORKOW, J.S.C.
In this otherwise routine divorce proceeding, the unique question, hitherto unanswered in New Jersey, is the effect of plaintiff husband's bankruptcy on equitable distribution of the marital home.
In this 11-year marriage the principal asset for distribution is the marital home. The divorce action was filed on May 27, 1979. *92 Plaintiff husband filed a petition in bankruptcy on August 28, 1979. On or about October 19, 1979 the Bankruptcy Court of the United States District Court issued a discharge in bankruptcy duly adjudging plaintiff, Daniel P. Lee, to be bankrupt and releasing him from all dischargeable debts.
The issue of child support or alimony was not before the bankruptcy court, for these support obligations are not dischargeable under 11 U.S.C.A. 523(a)(5) and were not listed in plaintiff's petition. However, plaintiff's undivided interest in the marital home was listed as an asset eligible for distribution to creditors for satisfaction of their claims. Pursuant to 11 U.S.C.A. 542(a), title to the husband's share of the marital home was vested in the trustee until such time as the debtor's interest in the property was sold at judicial sale.
Defendant wife was the only bidder at the sale and she purchased the husband's interest for $1800, only $50 more than the husband's bid, on January 29, 1981. The trustee tendered his deed to defendant wife on February 25, 1981.
The sole issue is whether the former marital residence is now subject to equitable distribution, notwithstanding the husband's bankruptcy and the fact that his interest in the marital residence, previously vested in the trustee, is now vested in the wife, she having acquired same during marriage prior to divorce.
Plaintiff husband argues that the unique nature of the tenancy by the entirety forecloses competitive bidding and enables the other spouse (who did not join in the bankruptcy petition) to defeat his right to equitable distribution of a marital asset at a substantial discount, and (as here) for only $50 more than bid by him. He says that the property was acquired during the marriage and was owned by him on the date of the complaint. Surely both parties here had legal and beneficial ownership and use of the asset. The court notes that the asset was not owned by the husband on the date of trial when the court made equitable distribution. Property not in esse cannot thus be distributed. Carlsen v. Carlsen, 72 N.J. 363 (1977).
*93 The Bankruptcy Code contains a number of exceptions to a discharge from a particular type of debt. Included in this category are alimony or maintenance and support of a wife and child. 11 U.S.C.A. 523(a)(5); Stein v. Fellerman, 144 N.J. Super. 444 (App.Div. 1976). The nondischargeability of a husband's obligation to pay alimony and support is apparently premised on a legislative determination designed to protect the wife and children from destitution and to prevent the husband from becoming freed of such obligation by the mere adjudication of bankruptcy.
However, it is similarly well established that other financial obligations of a party to a divorce proceeding are dischargeable, provided that such obligation is unrelated to the support and maintenance of the wife and children. Stein, supra; In re Alcorn, 162 F. Supp. 206 (N.D.Cal. 1958). It is well established that the provisions of a property settlement agreement unrelated to alimony and support are dischargeable in bankruptcy. Stein, supra; In re Cox, 543 F.2d 1277 (10 Cir.1977).
It has been the law of this State since King v. Greene, 30 N.J. 395 (1959), that in a tenancy by the entirety the interest of one spouse was subject to execution by his or her creditors and that the purchase of such spouse's interest in the real estate at an execution sale acquired such spouse's right of survivorship. The court, in overruling previous New Jersey law on this issue, held that the judgment creditors of either spouse may levy and execute upon their separate rights of survivorship, and the court noted there is no compelling policy why a judgment creditor should be prohibited or deprived of his right to satisfaction of such judgment action of the debtor spouse's title or assets, including such spouse's interest in a tenancy by the entirety.
In Newman v. Chase, 70 N.J. 254 (1976), the Supreme Court noted that the purchaser from a trustee in a bankruptcy acquires the same interest in the real estate of the bankrupt spouse as did the purchaser in a judicial sale as in King, supra. In the Newman case the plaintiff purchased a bankrupt husband's *94 interest in a residence owned by the husband and his wife as tenants by the entirety. The court held that the purchaser from the trustee acquires the right of survivorship of the debtor spouse as well as that spouse's interest in the life estate for the joint lives of the husband and wife. In such a situation, the purchaser from the trustee and the nondebtor spouse would become tenants in common for the joint lives of both spouses. Plaintiff in Newman sought a partition of the lands, and although the court notes that in a tenancy in common partition may ordinarily be had, nevertheless the remedy of partition is not automatically available to a purchaser from a trustee in bankruptcy of a debtor spouse's interest in property held as tenants by the entirety. The court noted that it was clear that the plaintiff had succeeded the debtor spouse's interest in the property and would be entitled to an accounting from the other spouse.
Based upon the rationale of these two cases, it is apparent that Mrs. Lee, as the purchaser from the trustee in bankruptcy of her husband's interest in a home owned by the parties as tenants by the entirety, succeeded to all of plaintiff Daniel Lee's interest in the real estate, his life estate and his right of survivorship. Had the purchaser from the trustee been a person other than Mrs. Lee, the nondebtor spouse, it is quite clear that such person would have been a tenant in common with Mrs. Lee and would have acquired the right of survivorship of the debtor spouse as well, and that plaintiff would have been divested of any right, title and interest in and to the marital residence. Clearly, in such a situation plaintiff could not contend that he would nevertheless be entitled to have the marital residence equitably distributed. Accordingly, there is no logical reason why any different result should enure because the nondebtor spouse acquired plaintiff's interest from the trustee.
To hold that plaintiff may reap any possible benefits from having the residence subject to equitable distribution, would perpetrate a fraud on plaintiff's creditors. The equitable distribution statute cannot be viewed as having intended such an *95 anomalous result. The bankrupt could cut off his creditors by his petition and then reap a benefit through equitable distribution. Clearly this is an anomalous and unintended result.
Plaintiff contends that the marital home is excepted from the abolition of curtesy by N.J.S.A. 3A:35-5. He fails to take into consideration the language of the statute, which states that the right of joint possession of every married person in the marital residence may not be "alienated" except by judgment of a court of competent jurisdiction. This court holds that the purchase of a debtor's spouse's interest from the trustee in bankruptcy falls within the exception to the statute and plaintiff's argument in this regard is without merit.
Finally and fundamentally, plaintiff husband seeks equitable distribution of the realty acquired by his wife after the complaint for divorce was filed. It has been well settled that property, to be subject to equitable distribution, must be acquired prior to the divorce complaint being filed. The realty here was acquired by defendant wife after that date and therefore is not subject to equitable distribution. Brandenburg v. Brandenburg, 83 N.J. 198 (1980).
For the reasons aforesaid, this court holds that plaintiff is not entitled to any equitable distribution in the marital home.