200 N.J. Super. 152 (1985)
490 A.2d 802
MARLANE LOYKO, PLAINTIFF-RESPONDENT,
v.
DAVID S. LOYKO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 6, 1985.
Decided April 10, 1985.
*154 Before Judges MATTHEWS, FURMAN and HAVEY.
Blumberg & Rosenberg, attorneys for appellant (Henry A. Loeb on the brief).
Somerset-Sussex Legal Services, attorney for respondent (Alberta T. Foster on the brief).
The opinion of the court was delivered by HAVEY, J.A.D.
Defendant husband appeals from a determination by the trial court that his obligation under a consent provision of the Final Judgment of Divorce to make payments on a second mortgage which encumbered the former marital home is not dischargeable in bankruptcy. The issue is whether the obligation is in the nature of support or is part of the agreed disposition of the marital assets. The trial court concluded that the obligation was in the nature of support and consequently not dischargeable. We agree and affirm.
The parties were divorced on June 13, 1983. Their agreement, which was incorporated into the Judgment of Divorce, required defendant to pay plaintiff $30.00 per week for the support of each of the four minor children. Defendant agreed to convey his interest in the marital home to plaintiff, make two delinquent payments due on the first mortgage and pay one-half of the real estate taxes then due on the property. He also agreed to make the remaining $160 per month payments due on a note secured by a second mortgage on the marital home held by AVCO Finance Co. (AVCO), and to pay off joint marital debts owed to J.C. Penney, Visa and Gibus Fuel Company. The parties agreed that the AVCO mortgage would be paid in full from the proceeds of sale of the home if current at that time. Both parties waived alimony.
*155 At issue here is payment of the AVCO mortgage. On September 8, 1983, AVCO instituted foreclosure proceedings because of default in the monthly payments. On October 14, 1983, defendant and his new wife filed a voluntary petition in bankruptcy, listing as debts the AVCO mortgage, having a then principal balance of $5,595.59, as well as the arrears owed for the first two mortgage payments and real estate taxes defendant had not yet paid. Plaintiff filed an enforcement motion in the Chancery Division on February 6, 1984 seeking a declaration that the first mortgage payment arrears and defendant's obligation to pay the AVCO mortgage were not dischargeable in bankruptcy and sought an order compelling defendant to make immediate payment of the delinquency to AVCO. The order granting plaintiff's relief, from which this appeal is taken, was entered on March 2, 1984.[1] On that same date an order of discharge of bankruptcy was entered in the United States Bankruptcy Court, District of New Jersey.
Defendant contends that his obligation to pay the AVCO second mortgage is dischargeable for three reasons: it is a debt owed to a third person and not to plaintiff; it is not designated as an alimony or support obligation, and it was intended to be part of the agreed distribution of the marital estate and not alimony or support. We reject each reason as being without merit.
The Bankruptcy Reform Act of 1978 prohibits the discharge of a debtor's alimony, maintenance or support obligations to his or her former spouse and children. 11 U.S.C.A. § 523(a)(5) provides in pertinent part as follows:
(a) A discharge under section 727, 1141 or 1328(b) of this title [11 USCA § 724, 1141, or 1328(b)] does not discharge an individual debtor from any debt 
....
(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a *156 separation agreement, divorce decree, or property settlement agreement, but not to the extent that 
(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act) [42 USCA § 602(a)(26)]; or
(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; ....
Bankruptcy and State courts have concurrent jurisdiction to determine the dischargeability of debts under 11 U.S.C.A. § 523(a)(5). In the Matter of Romeo, 16 B.R. 531, 533 (Bankr.D.N.J. 1981). What constitutes alimony, maintenance or support, however, is determined under federal bankruptcy law. In Re Calhoun, 715 F.2d 1103, 1107 (6th Cir.1983). Nevertheless, since State law is applied in the first place in fixing the support obligation, it may provide valuable guidance and need not be ignored. Ibid.; In Re Williams, 703 F.2d 1055, 1057 (8th Cir.1983).
While alimony and support obligations survive bankruptcy, debts which are assumed as part of the equitable distribution scheme are dischargeable. See Stein v. Fellerman, 144 N.J. Super. 444, 449 (App.Div. 1976), certif. den. 73 N.J. 50 (1977). Jones v. Tyson, 518 F.2d 678 (9th Cir.1975); Establishing whether an obligation is in the nature of alimony and support or part of property distribution is often difficult, since the issues of support and equitable distribution are ordinarily intimately related. See Esposito v. Esposito, 158 N.J. Super. 285 (App.Div. 1978); Smith v. Smith, 72 N.J. 350 (1977).
The parties' designation of the assumption of the debt as alimony and support or as part of the property settlement is not dispositive of the issue, nor is the fact that the debt is payable to a third party and not directly to the dependent spouse and children. See Shaver v. Shaver, 736 F.2d 1314, 1316 (9th Cir.1984); In Re Williams, supra, 703 F.2d at 1057. Rather, the first inquiry must be to determine whether the parties intended to create a support obligation through the assumption *157 of the joint debt by the supporting spouse. See In Re Calhoun, supra, 715 F.2d at 1109. If so, it must then be ascertained "whether such [obligation] has the effect of providing the support necessary to ensure that the daily needs of the former spouse and any children of the marriage are satisfied." [emphasis in original]. Ibid.; see also Stein v. Fellerman, supra, 144 N.J. Super. at 449.
In Stein, the husband agreed to pay his wife $80 per week alimony, $30 per week for each of the three children and assume installment payments on a first mortgage on the marital home which was conveyed to the wife as part of the property distribution agreement. We held that the obligation "appear[ed] to be part and parcel of the agreement to transfer title to the residence" and hence part of the agreed disposition of the marital estate. That being so, the obligation was held to be dischargeable by the former husband's bankruptcy. Id., at 451. Our determination was bottomed on what we perceived as the clear intention of the parties. We thus made no findings as to whether the husband's assumption of the debt had the effect of providing necessary support for the dependent wife and children.
Here, plaintiff waived alimony. She was unemployed at the time of divorce and continues to be so, while defendant was and is fully employed. She receives $30 per week per child for support. From that amount she must pay the first mortgage payment of $260 per month, other roof expenses as well as feed, clothe and provide medical care for four minor children. The clear economic realities facing the parties at the time they entered into their divorce agreement lead us to conclude that defendant's assumption of the mortgage debt was intended to constitute additional support for the four minor children.
Further, since the support payments were clearly insufficient to sustain even the basic personal needs of the minor children, defendant's assumption of the mortgage debt was essential to the preservation of plaintiff's ownership in the former marital *158 home and the continued maintenance of adequate shelter for the children during their minority. We are therefore completely satisfied that assumption of the debt had the "effect of providing support necessary" to satisfy the daily needs of the children. See In Re Calhoun, supra, 715 F.2d at 1109.
We agree with the trial court that the installment payments on account of the AVCO mortgage were in the nature of support and thus not dischargeable by defendant's bankruptcy. We accordingly affirm.
NOTES
[1] Defendant has abandoned on appeal the contention that his obligation to pay the two first mortgage payments and real estate taxes is dischargeable.