# CIRCUIT COURT OF THE CITY OF NORFOLK

Janet Mari Peck

v.

Martin Allen Brenner

March 19, 2010

Case No. (Civil) CL08-4637

BY JUDGE LOUIS A. SHERMAN

The parties, with the assistance of able counsel, have resolved all the issues regarding the dissolution of the marriage, with one exception. What martial interest, if any, does Martin Allen Brenner (hereinafter Husband) have in the parties' former marital residence following Husband's filing of a voluntary Chapter 7 bankruptcy petition, which resulted in Janet Mari Peck (hereinafter Wife) acquiring from the Trustee in Bankruptcy, with her own separate property, the Husband's share of the former marital residence?

The parties have stipulated all of the evidence necessary for the Court to reach a decision with regard to equitable distribution of their former marital residence.

The parties were married on May 29, 1983. In June of 1983, they acquired the marital home in question, which they occupied as a married couple, along with their children, until their separation on June 1, 2007. There is no dispute that the parties contributed equally, both monetarily and non-monetarily, to the well-being of the family and in the acquisition, care, and maintenance of their marital property, including their marital home, during the course of their married life.

On April 3, 2008, Husband alone filed a voluntary Chapter 7 petition in bankruptcy in the United States Bankruptcy Court for the

Eastern District of Virginia, Norfolk Division. Husband listed all of his personal and marital debts, as required by law, and listed among his assets the parties' marital home. While the parties believed they owned the residence jointly as tenants by the entireties with the right of survivorship, which would have excluded the home from the reach of Husband's creditors and the Bankruptcy Court, in actuality, the deed conveying the marital residence to the parties was titled as "tenants in common." Thus, Husband's filing of his Chapter 7 Bankruptcy resulted in his separate share of the marital residence being conveyed by operation of law to the Trustee in Bankruptcy (hereinafter Trustee). In order to liquidate this asset for the benefit of Husband's creditors, while preserving the marital home for the protection of the spouse and the parties' minor children, the Trustee determined it was appropriate to sell Husband's tenancy in common interest in the marital home to Wife for the sum of $29,250.00. On March 24, 2009, the Trustee conveyed Husband's separate interest in the parties' marital residence to Wife for $29,250 (see Plaintiff Exhibit 2), all of which, it is stipulated, was paid from Wife's separate assets. The marital residence is now owned and occupied solely by Wife who, since the date of filing of the Chapter 7 Bankruptcy by Husband, has paid for and maintained the property.

The parties have further stipulated that the value of residence in question is $509,200 and there is a mortgage in the amount of approximately $338,300.00 held by SunTrust Mortgage.

Husband claims that he is entitled to 50% of the net equity of the parties' former marital residence, at such time as it is sold, as a result of the parties' 24-year marriage, during which time the parties owned, occupied, and jointly maintained the home. Wife argues that she lawfully acquired all of Husband's interest in the marital residence from the Trustee in March 2009 and that Husband is not entitled to, and is estopped from claiming, any interest in the former marital residence, as his tenancy in common interest was conveyed to Wife by the Trustee for valuable consideration from her separate assets.

The issue presented is whether Husband is entitled to claim as marital property a percentage of the equity in the parties' former marital residence, even though he had conveyed his separate interest in the property by operation of law to the Trustee who, in turn, conveyed that interest to Wife for $29,250, which came from Wife's separate assets.

The Court has considered each and every factor set forth in Section 20-107.3(E) of the Code of Virginia and will discuss those factors as to which the parties presented evidence.

1. It has been stipulated and there is no dispute that Husband and Wife contributed equally, both monetarily and nonmonetarily, to the well-being of their family.

2. It has been stipulated and there is no dispute that Husband and Wife, during the course of their marriage, contributed equally, both monetarily and nonmonetarily, regarding the acquisition, care, and maintenance of their former marital residence.

3. The parties were married on May 29, 1983, and the date of their final separation was June 1, 2007, therefore, the length of their marriage is 24 years.

4. Husband is 58 years old, and wife is 52 years old. Both appear to be in good physical and mental health.

5. The parties' marriage is being dissolved on the basis that they have lived separate and apart continuously, without interruption and without cohabitation, for a period in excess of one year (i.e. on a no-fault basis).

6. The parties acquired that marital residence in the June 1983, shortly after they were married and continued to occupy it together until their separation in June 2007, a total of 24 years.

7. No evidence was presented as to the present debts and liabilities of each spouse, other than Husband's filing of a voluntary Chapter 7 Bankruptcy petition in April 2008, which resulted in the discharge of his personal and marital financial obligations. Wife has been the sole owner and occupant of the marital home, along with the parties' minor children, since March 2009, and has been responsible for and has been paying all maintenance expenses regarding the home, as well as the mortgage secured by the residence since that date. The current balance on the mortgage is stipulated to be approximately $338,300.00.

8. In terms of other factors the Court deems necessary or appropriate in order to arrive at a fair and equitable monetary award, the Court finds that, when Husband filed his voluntary Chapter 7 Bankruptcy petition in April 2008, he conveyed all of his tenancy in common interest in the marital residence to the Trustee in Bankruptcy. The Trustee, in turn, conveyed all of the Husband's tenancy in common interest to Wife for the sum of $29,250.00. The source of these funds, it is stipulated, was from Wife's separate assets. The Court therefore finds that, since March 2009, Wife has owned as her separate property Husband's former tenancy in common interest in the marital residence. The Court agrees that Husband is estopped from claiming any interest in that portion of the former marital residence that was acquired by Wife from the Trustee in March 2009.

Therefore, Husband is not entitled to 50% of all of the equity in the former marital residence.

However, while the Court finds that 50% of the marital residence is Wife's separate property, the Court also finds that the other 50%, which derives from Wife's original tenancy in common interest, is marital property. Thus the marital home is hybrid property. As stated previously, the parties have stipulated, and the Court so finds, they owned the marital residence together for 24 years at the time of their separation, and for almost 25 years at the time Husband filed his bankruptcy petition. During that time each party contributed equally to the well being of their family and to the acquisition, care, and maintenance of the marital home.

Wife argues that, since the parties' marital residence was titled as tenants in common, Husband should have no remaining interest in the property, inasmuch as he conveyed all of his tenancy in common interest to the Trustee, which she acquired in March 2009 for $29,250, and that Wife's original tenancy in common interest remained her separate property at all relevant times.

Wife relies on the case of *Colucci v. Colucci*, 596 A.2d 1099 (N.J. Superior Court 1991), in support of her argument that Husband is not entitled to any of the equity in the marital home. In *Colucci*, the parties were married in 1969 and purchased their marital residence two years later, taking title as tenants by the entireties. In 1981, Mr. Colucci left his wife and the marital home. The Colucci's entered into a written argument that Mrs. Colucci would remain, with the parties children, in the martial home until the youngest child was emancipated or she remarried, whichever event should occur first, at which time, the marital home would be sold, with the net proceeds divided equally between the Coluccis. Mr. Colucci also agreed to be financially responsible for paying the cost of the mortgage, taxes, and insurance premiums on the marital home until it was sold.

Due to a business failure, Mr. Colucci filed a voluntary Chapter 7 Bankruptcy petition in June of 1982, and his debts were discharged in November 1983. In July 1983, the Colucci's marriage was dissolved by a final decree of divorce. Just prior to the parties' divorce, the Trustee in Bankruptcy claimed the Coluccis' marital residence as an asset of the bankruptcy estate and, as in this case, sold Mr. Colucci's interest in the marital home to Mrs. Colucci for the sum of $12,500.00. In addition to the Trustee's deed conveying Mr. Colucci's bankruptcy estate interest in the marital home to Mrs. Colucci, Mr. Colucci, in November 1984, executed a separate deed to Mrs. Colucci conveying all his "right, title, and interest"

in the marital home to her for the stated consideration of $100.00. Mrs. Colucci subsequently remarried, and Mr. Colucci then demanded that the marital home be sold and the net proceeds be divided equally.

Mrs. Colucci argued that Mr. Colucci no longer had any interest in the former martial residence, as she had acquired Mr. Colucci's bankruptcy estate interest from the Trustee in Bankruptcy for $12,500 and that Mr. Colucci had by separate deed, in November 1984, conveyed the remainder of his "right, title, and interest" in the property to Mrs. Colucci.

In ruling in favor of Mrs. Colucci, the Superior Court of New Jersey held that "absent a specific exemption in the deed [and none was found], the conveyance of a spouse's interest in the marital home to the other spouse is a conveyance of the entire estate and extinguishes any rights and benefits the grantor may have to that property under a judgment of divorce. *Colucci* at 1101.

In the present case, while Wife did acquire Husband's bankruptcy estate interest in the marital residence from the Trustee for the sum of $29,250.00, there is no separate deed from Husband conveying to Wife his remaining "right, title, and interest" in the property to Wife as in the *Colucci* case. Therefore, Husband in this case does have an interest in Wife's original one-half tenancy in common interest in the property, which was not a part of Husband's bankruptcy estate.

Based on the foregoing determinations, the Court finds that the marital residence here is hybrid property, with Wife's remaining one-half interest in the marital home, which was not part of Husband's bankruptcy estate, being marital property, with the remaining one-half interest, which Wife has acquired from the Trustee being her separate property.

In determining the value of the marital residence, located at 615 Westover Avenue in Norfolk, Virginia, the parties have stipulated the value to be $509,200, and have further stipulated it is encumbered with a mortgage in the amount of $338,300 held by SunTrust Mortgage. The Court finds the marital equity in the property to be $170,900.00, of this equity, Husband is entitled to $42,725.00, if the parties decide on a "cash buyout," or 25% of the net equity at such time the property is sold for fair market value in an arms length transaction.

As the Husband has substantially prevailed on the issue presented to the Court, the Court directs Mr. Legum to prepare the Final Decree of Divorce in this matter with language consistent with this Court's ruling and the parties' stipulations.